IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-233-RJC-DCK

| | |
|---|---|
| DALANA LIEBERMAN, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the United States" "Motion To Dismiss" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Dalana Lieberman ("Plaintiff" or "Lieberman"), appearing *pro se*, initiated this action with the filing of a "Complaint" (Document No. 1-1) on April 7, 2021, in the Superior Court of Mecklenburg County, North Carolina. The Complaint asserts a cause of action to "Quiet Title" regarding a home located at 9333 Standerwick Lane, Huntersville, North Carolina ("the Property"). (Document No. 1-1, pp. 4-6). The Complaint notes that the United States of America ("Defendant" or "the Government") is the holder of a judgment against Michael Lieberman, Plaintiff's husband, and that Mr. Lieberman forfeited his interests in the property to Defendant. Id.

The Complaint further notes that

> Defendant brought an action seeking to forfeit Mr. Lieberman's rights and interest in the Property in a federal court in New Jersey. Defendant seeks, through that action, to forfeit Plaintiff's interest in the Property. Plaintiff made an appearance in that matter to claim her right to the Property and to prevent forfeiture of her home.

(Document No. 1-1, p. 4).

Plaintiff then acknowledges that she "brings this action to determine what rights the parties to this action have to the Property." (Document No. 1-1, p. 5). Plaintiff seeks an order "ceasing and foreclosing Defendant's interest in the Property," and "quieting title to the Property in favor of Plaintiff." (Document No. 1-1, p. 6).

Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on May 18, 2021. The removal notice notes that "The Property is the subject of a criminal forfeiture proceeding pending in the District Court for the District of New Jersey." (Document No. 1, p. 2) (citing United States v. Michael Lieberman, 15-CR-161-PGS-TJB (D.N.J.)). Plaintiff filed a "petition for ancillary relief in the District Court pursuant to 21 U.S.C. § 853(n)," on April 26, 2017. Id. "In the petition, she opposed the forfeiture and claimed primarily that she paid for the Property with her own, untainted funds." Id. (citing Plaintiff's "Petition for Ancillary Relief" Document No. 1-4). "The petition is still pending, and proceedings before Magistrate Judge Bongiovanni are ongoing." Id.

Defendant's "Motion To Dismiss" (Document No. 4) was filed on June 18, 2021. Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(5) and (6), alleging that Plaintiff "failed to properly effect service of process on the United States," and that the Complaint "is plainly barred by 21 U.S.C. § 853, which governs federal criminal forfeiture proceedings." (Document No. 4, p. 1).

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

3

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

As noted above, Defendant makes two primary arguments. (Document No. 4-1). While both arguments are compelling, the undersigned will focus on the assertion that Plaintiff's Complaint is barred pursuant to 21 U.S.C. § 853 and should, therefore, be dismissed under Rule 12(b)(6). As concisely explained by Defendant:

> The law is clear that the ancillary proceeding set forth in 21 U.S.C. § 853(n) is the exclusive avenue for asserting and adjudicating third party claims to property forfeited in a federal criminal case. Indeed, 21 U.S.C. § 853(k) bars any other "action at law or equity against the United States concerning the validity of [a third party's] alleged interest" in property that has been federally forfeited. Plaintiff has availed herself of the exclusive remedy, submitting a petition for ancillary relief pursuant to 21 U.S.C. § 853(n) in the District of New Jersey on April 26, 2017. She now seeks to reverse course and have a North Carolina court adjudicate her claim. This she cannot do. Plaintiff's Complaint should be dismissed.

(Document No. 4-1, p. 1).

Defendant further notes that Plaintiff brought her action to quiet title in state court *after* "the Bill of Information seeking forfeiture of the Property, and it is therefore barred by § 853(k)." (Document No. 4-1, p. 9) (citing Marzouca v. GFG Realty Fund, LLC, 2012 WL 910010 (D.S.C. Mar 16, 2012)). "The proper forum for adjudicating her claim to the Property is in the ancillary proceeding currently pending in the District of New Jersey." Id.

In response, *pro se* Plaintiff first argues that she "brought this action in North Carolina state court and gained effective service under North Carolina rules." (Document No. 5, p. 2).

4

Plaintiff then argues that § 853 does not bar this action. Id. Lieberman seems to suggest that the New Jersey action is limited to determining Michael Lieberman's interest in the Property, and that this action should go forward to determine Plaintiff Dalana Lieberman's interest in the Property. (Document No. 5, p. 3). Plaintiff asserts that "[b]ecause the action in New Jersey has reached its practical conclusion, [she] brought this action to have ownership of the property determined." Id.

In reply, Defendant asserts that Plaintiff has not complied with the requirements for service on the United States pursuant to 28 U.S.C. §2410. (Document No. 6, p. 1). Moreover, Defendant re-asserts that the pending action before the District Court of New Jersey is the proper venue for Plaintiff to determine her interest in the Property. (Document No. 6, pp. 2-3). Defendant further explains:

> Plaintiff's ancillary proceeding is pending; there has been no final order of forfeiture entered. *See United States v. Michael Lieberman*, 15-r-161-PGS (D.N.J.). Plaintiff's Motion to Dismiss or Stay the ancillary proceeding was fully briefed as of June 30, 2021, and is under advisement. The Government's ability to recover has not been "fully realized" (Doc. No. 5 at 2).
>
> Plaintiff is not entitled to bring a separate action in state court to adjudicate her interest, as she claims. Her potential interest in the property as tenants by the entirety with her husband (id.) can and must be adjudicated by the New Jersey District Court.

(Document No. 6, p. 3).

On September 10, 2021, the Government filed a "Notice Of Related Decision" (Document No. 7) noting that the New Jersey court had denied Dalana Lieberman's motion to dismiss or stay that matter, holding that her petition for ancillary relief was properly before that court pursuant to 21 U.S.C. §853(n) and Fed.R.Cr.P. 32.2(c)(1). (Document No. 7, p. 1).

Based on the Government's arguments and legal authority, the undersigned is convinced that Plaintiff's Complaint should be dismissed.  The undersigned observes that the related action in New Jersey is being actively litigated and Ms. Lieberman is represented by counsel, Kevin J. O'Connor, in that case.  See USA v. Lieberman, (Document No. 98) (3:15-CR-161-PGS-TJB) (D.N.J. Feb. 11, 2022).  Moreover, Mr. O'Connor, on behalf of Ms. Lieberman, recently filed a Status Report regarding the parties' discovery in that case and an upcoming evidentiary hearing. Id.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the United States" "Motion To Dismiss" (Document No. 4) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 25, 2022

David C. Keesler
United States Magistrate Judge