UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00233-RJC-DCK

| | |
|---|---|
| DALANA LIEBERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>)<br>) | **Order** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Doc. No 4), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 8), and Plaintiff's objection to the M&R (Doc. No. 9). The Court has also reviewed all associated filings to the Motion and M&R. For the reasons stated here, the Court **ADOPTS** the M&R and Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Plaintiff brings this action seeking to quiet title to real property. Defendant argues the action should be dismissed because (1) Plaintiff failed to effect service of process of the United States, and (2) the Complaint is barred by 21 U.S.C. § 853(k), which governs federal criminal forfeiture proceedings. The Magistrate Judge focused on the latter argument and recommended dismissal because this action is barred by 21 U.S.C. § 853, noting that the Plaintiff's ancillary proceeding pursuant to 21 U.S.C. § 853(n) is being actively litigated in New Jersey. Plaintiff objected to the M&R, asserting the forfeiture only affected her husband's interest in the real property, and since her interest in the property was not forfeited 21 U.S.C. § 853 does not bar her from filing this action.

Pursuant to 28 U.S.C. § 2461, "[i]f a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure." 28 U.S.C. § 2461(c). "The procedures in section 413 of

the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding."[1]  *Id.*  Under 21 U.S.C. § 853(k), third parties claiming an interest in property are limited in their ability to intervene in criminal forfeiture proceedings:

> Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may—
>
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

*Id.* at § 853(k).  Thus, subsection (n) provides the sole avenue by which third parties may assert their interest in property subject to criminal forfeiture.  *U.S. v. Phillips*, 185 F.3d 183, 186 (4th Cir. 1999) ("Section 853(n) provides the exclusive means by which a third party can assert his interest in forfeited property . . . Section (k) further underscores this conclusion by specifically barring third parties from intervening except as provided under subsection (n)." (internal citations omitted)).  Subsection (n) sets forth a process for third parties to assert their interest in forfeited property by filing an ancillary proceeding to adjudicate the validity of their interest in property subject to forfeiture.  *Id.* § 853(n); Fed. R. Crim. P. 32.2(c).

Here, the real property for which Plaintiff seeks to quiet title is subject to forfeiture under 21 U.S.C. § 853.  Plaintiff asserted her rights in the property by way of an ancillary proceeding pursuant to 21 U.S.C. § 853(n) in the New Jersey District Court.  She also filed this action seeking to quiet title in the property subject to forfeiture, and asked the New Jersey District Court to stay or dismiss the ancillary proceeding pending the resolution of this matter.  The New

---

[1] Except that subsection (d), not relevant here, applies only in cases in which the defendant is convicted of a violation of the Controlled Substances Act.

Jersey District Court declined to stay or dismiss the ancillary proceeding concluding the matter was properly before it pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c). The Court agrees. Plaintiff's argument that § 853 does not apply because only her husband's interest in the property was forfeited is unpersuasive and inconsistent with the plain meaning of the statute. Plaintiff claims an interest in property subject to forfeiture. The statute does not contain an exception for third parties whose interest in the property was not expressly forfeited. Rather, the statute is clear that any party claiming an interest in the property is prohibited from "commenc[ing] an action at law or equity against the United States concerning the validity of h[er] alleged interest in the property" and has one course of action to assert her rights in the property, which Plaintiff did here. 21 U.S.C. § 853(k)(2). To hold otherwise would circumvent the clear mandate of § 853. Accordingly, this action must be dismissed.

IV.  **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 8) is **ADOPTED**; and
2. Defendant's Motion to Dismiss (Doc. No 4) is **GRANTED**.

The Clerk of Court is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge